## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MICHAEL T. JOHNSON,

        Appellant,

      v.

DEPARTMENT OF STATE,

        Agency.

DOCKET NUMBER
DC-0752-18-0791-I-1

DATE:  May 10, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Michael T. Johnson</u>, Washington, D.C., pro se.

<u>Trent Buatte</u>, Esquire, <u>Marianne Perciaccante</u>, and <u>Camille V'Estres</u>,
    Washington, D.C., for the agency.

<u>Moustapha Goumballa</u>, Rockville, Maryland, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his constructive removal appeal for lack of jurisdiction. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown.  5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**BACKGROUND**

Effective August 20, 2018, the agency indefinitely suspended the appellant from his Information Technology Specialist position. Initial Appeal File (IAF), Tab 12 at 197. He retired from Federal civilian service effective August 21, 2018. IAF, Tab 12 at 191, Tab 14 at 8. Thereafter, he filed a Board appeal raising an involuntary retirement claim, and he requested a hearing. IAF, Tab 1 at 1-5, Tab 10 at 7. On December 17, 2018, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction without holding the requested hearing. IAF, Tab 19, Initial Decision (ID) at 1 & n.1, 11-12.

On August 30, 2019, the appellant filed a two-sentence petition for review arguing that his case was "adversely affected" by the Government shutdown and that he never received any information concerning his appeal rights or how the shutdown or the Board's lack of a quorum affected those rights. Petition for Review (PFR) File, Tab 1 at 3. The agency filed a response. PFR File, Tab 3.

**DISCUSSION OF ARGUMENTS ON REVIEW**

<u>The appellant has failed to show good cause for the 6-month delay in filing his petition for review.</u>

Generally, a petition for review must be filed within 35 days after the issuance of the initial decision, or, if the petitioner shows that he received the initial decision more than 5 days after the date of issuance, within 30 days after the date he received the initial decision. 5 C.F.R. § 1201.114(e). Here, the administrative judge informed the appellant that the initial decision would become the Board's final decision on January 21, 2019, unless a petition for review was filed by that date. ID at 12. She further informed him that, if he received the initial decision more than 5 days after the date of issuance, he could file a petition for review within 30 days after the date of receipt. *Id.*

The certificate of service reflects that, on December 17, 2018, the initial decision was served electronically by email on the appellant, who had registered as an e-filer. IAF, Tab 1 at 2, Tab 20; *see* 5 C.F.R. § 1201.14(e)(1) (2019)

(providing that registration as an e-filer constitutes consent to accept electronic service of documents issued by the Board). Thus, we find that the appellant received the initial decision on the same date it was issued on December 17, 2018. ID at 1; IAF, Tab 20; *see* 5 C.F.R. § 1201.14(m)(2) (2019) (providing that Board documents served electronically on registered e-filers are deemed received on the date of electronic submission). Because the 35th day after December 17, 2018, fell on Monday, January 21, 2019, which was a Federal holiday,[2] the original deadline for filing a petition for review was Tuesday, January 22, 2019. *See* 5 C.F.R. §§ 1201.23, 1201.114(e).

However, as explained in the Office of the Clerk of the Board's September 4, 2019 letter acknowledging the appellant's petition for review, the Board ceased operations from December 22, 2018, through January 25, 2019, due to the partial shutdown of the Federal Government. PFR File, Tab 2 at 1-2. The Board issued a press release on December 21, 2018, notifying the public that all filing and processing deadlines would be extended by the number of calendar days that the Board was shut down. Press Release, U.S. Merit Systems Protection Board, Status of the U.S. Merit Systems Protection Board During a Partial Government Shutdown (Dec. 21, 2018), https://www.mspb.gov/publicaffairs/press_releases/Status_of_the_MSPB_During_a_Partial_Government_Shutdown_1580906.pdf (last visited May 9, 2024). Because the Board was shut down for 35 calendar days, the original January 22, 2019 deadline for filing a petition for review was extended by 35 days to February 26, 2019. Therefore, we find that the appellant's August 30, 2019 petition for review was untimely filed by over 6 months.[3] PFR File, Tab 1.

---

[2] We take official notice that January 21, 2019 was a Federal holiday. *See* 5 C.F.R. § 1201.64 (providing that the Board may take official notice of matters of common knowledge or matters that can be verified).

[3] The Office of the Clerk of the Board docketed the appellant's pleading that was electronically filed with the Board's Washington Regional Office on August 30, 2019, as a petition for review. PFR File, Tab 1, Tab 2 at 1. Thus, we find that the filing date of the appellant's petition for review is the August 30, 2019 date of electronic

The Board may waive the time limit for filing a petition for review upon a showing of good cause for the untimely filing. 5 C.F.R. § 1201.114(g). To establish good cause, the appellant must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

As discussed above, the appellant argued in his brief petition for review that his case was "adversely affected" by the Government shutdown "for over two months and counting." PFR File, Tab 1 at 3. He further claimed that he never received any information concerning his appeal rights or how the shutdown or lack of a quorum affected those rights. *Id.* In its acknowledgment letter, the Office of the Clerk of the Board informed the appellant that his petition for review appeared to be untimely filed and that he could file a motion (including a statement signed under penalty of perjury or an affidavit) with the Board to accept his filing as timely or to waive the time limit for good cause. PFR File, Tab 2 at 2. The appellant has not filed any additional argument or evidence concerning the timeliness of his petition for review.

Although the appellant's pro se status weighs in favor of finding good cause, we find that this factor is outweighed by the remaining *Moorman* factors. *See Allen v. Office of Personnel Management*, 97 M.S.P.R. 665, ¶¶ 8, 10 (2004)

---

submission. *See* 5 C.F.R. § 1201.4(*l*) (providing that the date of filing by e-filing is the date of electronic submission).

(finding that, although the appellant's pro se status was a factor weighing in his favor, it was insufficient to excuse his unexplained, 14-day filing delay). In particular, we find that the length of the appellant's 6-month filing delay is significant. *See Summerset v. Department of the Navy*, 100 M.S.P.R. 292, ¶ 7 (2005) (finding a 33-day filing delay significant). We further find unreasonable the appellant's arguments that he was adversely affected by the Government shutdown and that he did not receive information about his appeal rights or how the shutdown or lack of a quorum affected those rights. PFR File, Tab 1 at 3. The initial decision contained clear notice of his appeal rights, the relevant time limits, and how the Board's lack of a quorum rendered the Board unable to issue decisions on petitions for review until a quorum was restored. ID at 12-19. The initial decision further explained that the lack of a quorum did not serve to extend the time limit for filing a petition for review. ID at 13. Moreover, as discussed above, the Board issued a press release on December 21, 2018, notifying the public that all filing and processing deadlines would be extended by the number of calendar days that the Board was shut down. Press Release, U.S. Merit Systems Protection Board, Status of the U.S. Merit Systems Protection Board During a Partial Government Shutdown (Dec. 21, 2018), https://www.mspb.gov/publicaffairs/press_releases/Status_of_the_MSPB_During _a_Partial_Government_Shutdown_1580906.pdf (last visited May 9, 2024). Considering the significant length of the filing delay, that the appellant does not dispute receiving the initial decision, and that the press release was available on the Board's website, we find that he has failed to show that he exercised due diligence or ordinary prudence in pursuing his appeal rights.[4] In addition, the appellant has not presented any evidence of circumstances beyond his control or

---

[4] As explained above, the original deadline for filing a petition for review was January 22, 2019. Although the initial decision incorrectly stated that the initial decision would become final on January 21, 2019, unless a petition for review was filed by that date, we find that this relatively minor error does not provide a reasonable excuse for the appellant's 6-month untimely filing. ID at 12.

of unavoidable casualty or misfortune that prevented him from timely filing a petition for review. Therefore, under the particular circumstances of the case, we find that the appellant has failed to establish good cause for his untimely filing. *See, e.g., Carrasquillo v. Department of Agriculture*, 98 M.S.P.R. 83, ¶¶ 2, 5-6 (2004) (dismissing the appellant's petition for review as untimely filed by 2 weeks in an involuntary retirement appeal).

Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the Board's lack of jurisdiction over the appellant's constructive removal appeal.

**NOTICE OF APPEAL RIGHTS**

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

<u>receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx


*Gina K. Grippando*

FOR THE BOARD:        _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.